UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY K. (A-246-260-205), | Case No.  1:26-cv-0388 TLN CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TONYA ANDREWS, et al., | |
| Respondents. | |

Petitioner Sanjay K. (A-246-260-205), a native/citizen of India, who is proceeding through counsel, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority. (Id. (claims one through three).) For the following reasons, this Court recommends that the petition be granted.

I.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    DISCUSSION[1]**

On January 19, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 21, 2026, the district court granted the motion for a temporary restraining order. (ECF No. 4.) In addition to granting petitioner's immediate release, the district court ordered respondents not to impose any additional restrictions on petitioner, unless such restrictions are determined to be necessary at a future pre-deprivation/ custody hearing. (Id. at 6.) The district court further enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. (Id.) At any such hearing, petitioner shall be allowed to have his counsel present. (Id.) The district court also directed respondents to show cause why a preliminary injunction should not issue on the same terms. (Id.) On January 26, 2026, respondents filed a motion to dismiss and an opposition to injunctive relief. (ECF No. 6.) In the opposition, respondents argued that petitioner is an "applicant for admission" who is subject to mandatory detention under § 1225(b)(2), and that petitioner possesses no right to freedom from detention other than the form provided by Congress. (Id. at 2.) On January 27, 2026, the district court granted a preliminary injunction, incorporating

---

[1] The factual and procedural background previously presented in the district judge's January 21, 2026 order is incorporated herein. (See ECF No. 4 at 2.)

its reasoning from its January 21, 2026 order granting a temporary restraining order.  (ECF No. 7.)  The district court granted a preliminary injunction, enjoining and restraining respondents from imposing additional restrictions on petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  (Id. at 2.)  In addition, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the government shall bear the burden of proving by clear and convincing evidence that:  (a) there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) petitioner poses a danger to the community or a flight risk.  (Id.)  Petitioner shall be allowed to have his counsel present at the hearing.  (Id.)  The district court referred this action to the assigned magistrate judge for all further proceedings.  (Id.)

On February 9 and 18, 2026, in response to this Court's order, both parties confirmed no additional briefing was required.  (ECF Nos. 10, 11.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim two).  See Rico-Tapia v. Smith, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"); Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest); Manzanarez v. Bondi, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025).  Because the resolution of the procedural due process claim (claim two) provides the relief requested, the Court need not reach the first and third claims.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing

evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (ECF No. 6 at 2) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

**III.     CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus be GRANTED.

2.   The motion to dismiss (ECF No. 6) be DENIED.

3.   A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Sanjay K. (A-246-260-205) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/k0388.157.2241.imm

5